# EXHIBIT "A"



**NEW YORK STATE DEPARTMENT of FINANCIAL SERVICES**

RECEIVED
NOV 18 2014
CLAIMS LEGAL

Andrew M. Cuomo
Governor

Benjamin M. Lawsky
Superintendent

STATE OF NEW YORK
Supreme Court, County of SUFFOLK

14-21796

Golden Dolphin Restaurant Corp.                             Plaintiff(s)

against

                                                            Defendant(s)

Scottsdale Insurance Company

RE :Scottsdale Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Verified Complaint in the above entitled action on November 12, 2014 at Albany, New York. The $ 40.00 fee is also acknowledged.

Pursuant to Section 1213 of the Insurance Law, said process is being forwarded to Scottsdale Insurance Company at its last known principal place of business.Scottsdale Insurance Company is not authorized to do business in this State and you are advised that, while such service is accepted and being forwarded to the company, it is your duty to determine whether this is a proper service under Section 1213 of the Insurance Law.

Original to Attorney for Plaintiff(s):

   Law Offices of Michael P. Giampilis, P.C.
   Michael P. Giampilis, P.C.
   94 Willis Avenue
   Mineola, New York 11501

Persuant to the requirement of section 1213 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

   Scottsdale Insurance Company
   Scottsdale Insurance Company
   8877 North Gainey Center Drive
   Scottsdale, Arizona 85258

*Jacqueline Catalfamo*

**Jacqueline Catalfamo**
**Special Deputy Superintendent**

Dated Albany, New York, November 13, 2014
548214

RECEIVED
NOV 18 2014
CLAIMS LEGAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------X
GOLDEN DOLPHIN RESTAURANT CORP.,    : **SUMMONS**
                                    :  Filed 11-5-14
                                    :  Index No.: 14-21796
                    Plaintiff,      :
                                    :  Plaintiff's address:
        - against -                 :  365 West Main Street
                                    :  Huntington, NY 11743
SCOTTSDALE INSURANCE COMPANY,       :  The basis of venue is the situs
                                    :  of Plaintiff
                    Defendant.      :
-------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANT(S):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

This is a breach of contract and declaratory judgment action.

Dated: October 16, 2014
       Mineola, New York

                                LAW OFFICES OF
                                MICHAEL P. GIAMPILIS, P.C.

                           BY:  _____
                                Michael P. Giampilis
                                Attorneys for Plaintiff
                                94 Willis Avenue
                                Mineola, New York 11501
                                (516) 739-5838

RECEIVED
NYS DEPT. OF
FINANCE
NOV 12 2014
ALBANY, N.Y.

TO: SCOTTSDALE INSURANCE COMPANY
Defendant
*Service via the New York State Department of Financial Services*
Or
8877 North Gainey Center Drive
Scottsdale, AZ 85258



RECEIVED
DEPARTMENT OF
SERVICES
NOV 12 2014
ALBANY, N.Y.

RECEIVED
NOV 18 2014
CLAIMS LEGAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------X
GOLDEN DOLPHIN RESTAURANT CORP.,

                Plaintiff,

- against -

SCOTTSDALE INSURANCE COMPANY,

                Defendant.
------------------------------------------------------------X

**VERIFIED COMPLAINT**

Filed 11-5-14

Index No.: 14-21796

Plaintiff's address:
365 West Main Street
Huntington, NY 11743
The basis of venue is the situs
of Plaintiff

TO THE ABOVE NAMED DEFENDANT(S):

Plaintiff, GOLDEN DOLPHIN RESTAURANT CORP. (hereinafter referred to as "Golden Dolphin"), by and through its attorneys, Law Offices of Michael P. Giampilis, P.C., as and for its complaint herein, alleges as follows:

1. Plaintiff Golden Dolphin was, and at all times relevant herein is, a domestic corporation and maintains an office for the transaction of business at 365 West Main Street, Huntington, New York 11743.

2. Upon information and belief, Defendant SCOTTSDALE INSURANCE COMPANY ("Scottsdale") is an insurance company licensed, admitted and authorized to engage in the business of liability and casualty insurance in the State of New York.

AS AND FOR A FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT

3. On or about May 23, 2013 and effective through May 23, 2014, Scottsdale, for good and valuable consideration and a premium paid, issued to Golden Dolphin Commercial Property Coverage Policy No. CPS1619822 (hereafter, the "Policy").

4. Golden Dolphin is the sole owner of the Policy.

NOV 12 2014
ALBANY, N.Y.

5. On or about January 3, 2014, while the Policy was in full force and effect, Golden Dolphin suffered a loss by a covered peril under the Policy consisting of water damage to the Golden Dolphin's Diner located at 365 West Main Street, Huntington, New York 11743 (the "Premises").

6. Golden Dolphin sustained a financial loss in the sum amount of Fifty Four Thousand Four Hundred Twenty One Dollars and Sixty Five Cents ($54,421.65) as result of a broken water pipe at the Premises. The financial loss includes the estimated cost of $43,400 to repair the interior of the Premises, $10,221.65 for Golden Dolphin's food inventory destroyed, and $800 for plumbing repairs completed to fix the broken water pipe.

7. Golden Dolphin complied with its obligations under the Policy by reporting this event to Scottsdale through Scottsdale's insurance agent, MRW Group, Inc. ("MRW") and was thereafter assigned Scottsdale Insurance Claim No. 1519552 (the "Claim").

8. In response to the aforesaid Claim, Scottsdale conducted an investigation through its claims adjuster Cunningham Lindsey ("Cunningham").

9. Golden Dolphin provided Cunningham copies of paid invoices of the food inventory destroyed, plumber's invoice for repairs to the broken water pipe, and a contractor estimate for interior renovations and repairs required as a result of the water damage suffered at the Premises necessary. The sum total of the financial loss sustained by Golden Dolphin is Fifty Four Thousand Four Hundred Twenty One Dollars and Sixty Five Cents ($54,421.65).



NOV 12 2014

10. On or about September 30, 2014, after a lengthy investigation by Scottsdale and its adjuster Cunningham, Scottsdale issued a check in the amount of $1,858.18 for all the financial loss suffered by Golden Dolphin at the Premises.

11. Golden Dolphin unequivocally rejects Scottsdale's investigation conclusions and its Claim check in the amount of $1,858.18.

12. Upon information and belief, the Claim is still open but Scottsdale has refused to honor the full Claim amount of Fifty Four Thousand Four Hundred Twenty One Dollars and Sixty Five Cents ($54,421.65) sought by the Golden Dolphin.

13. Under the terms of the Policy, Golden Dolphin must be indemnified for the property damage suffered at Premises.

14. Thus, there is an actual and justiciable controversy existing between Golden Dolphin and Scottsdale as to their respective rights and obligations under the Policy.

15. Golden Dolphin is entitled to and seeks a declaratory judgment determining that it is entitled to coverage under the Policy for the total financial loss it sustained as a result of water damage at the Premises.

16. Plaintiff has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

17. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 16 with the same force and effect as if more fully set forth herein.

18. By failing to pay Golden Dolphin under the Policy to the full extent of Golden Dolphin's loss up to the limits of the Policy, Scottsdale has breached its obligations under the Policy.

NOV 12 2014
ALBANY, N.Y.

19. As a result of Scottsdale's breach, Golden Dolphin has been damaged in an amount no less than Fifty Four Thousand Four Hundred Twenty One Dollars and Sixty Five Cents ($54,421.65), plus appropriate interest.

### THIRD CAUSE OF ACTION FOR BREACH OF DUTIES OF GOOD FAITH AND FAIR DEAING

20. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 19 with the same force and effect as if more fully set forth herein.

21. By reason of Scottsdale's contractual undertaking to Golden Dolphin pursuant to the Policy to properly evaluate and pay claims thereunder to the extent of Golden Dolphin's loss up to the limits prescribed by the Policy, Scottsdale owes and continues to owe Golden Dolphin the duties of good faith and fair dealing in connection with the parties' contractual relationship.

22. In accordance with the aforesaid duties of good faith and fair dealing, Scottsdale was and is prohibited from undertaking any act which would have the effect of injuring or destroying Golden Dolphin's rights deriving from its contractual relationship with Scottsdale under the Policy.

23. By failing to pay Golden Dolphin under the Policy to the full extent of Plaintiff's loss up to the limits of the Policy, Scottsdale acted in bad faith and breached the duties of good faith and fair dealing owed to Golden Dolphin.

24. As a result of Scottsdale's breach of the aforesaid duties owed to Golden Dolphin, Golden Dolphin has sustained damages in an amount no less than Fifty Four Thousand Four Hundred Twenty One Dollars and Sixty Five Cents ($54,421.65), plus appropriate interest.

NOV 12 2014

... ／·) N.Y.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Under the first cause of action, *declaratory judgment* determining that Golden Dolphin is entitled to coverage for the loss it sustained in an amount no less than Fifty Four Thousand Four Hundred Twenty One Dollars and Sixty Five Cents ($54,421.65) with interest thereon from the 3rd day of January, 2014;

b. Under the second cause of action, *breach of contract* in an amount no less than Fifty Four Thousand Four Hundred Twenty One Dollars and Sixty Five Cents ($54,421.65) with interest thereon from the 3rd day of January, 2014;

c. Under the third cause of action, *breach of duties of good faith and fair dealing* in an amount no less than Fifty Four Thousand Four Hundred Twenty One Dollars and Sixty Five Cents ($54,421.65) with interest thereon from the the 3rd day of January, 2014; and

d. Together with such other and further relief and declaration of the rights and legal relations of the parties to this action as shall be necessary and proper, together with the costs and disbursements of this action.

Dated: October 16, 2014
Mineola, New York

LAW OFFICES OF
MICHAEL P. GIAMPILIS, P.C.

BY: _____
Michael P. Giampilis
Attorneys for Plaintiff
94 Willis Avenue
Mineola, New York 11501
(516) 739-5838

NOV 12 2014
ALBANY, N.Y.

SUPREME COURT
STATE OF NEW YORK, COUNTY OF         SUFFOLK         Index No.             Year

GOLDEN DOLPHIN RESTAURANT CORP.,
Plaintiff,

v.

SCOTTSDALE INSURANE COMPANY,
Defendant

## SUMMONS AND COMPLAINT

LAW OFFICES OF MICHAEL P. GIAMPILIS, P.C.
Plaintiff
*Attorney(s) for*

*Office and Post Office Address, Telephone*

94 Willis Avenue
Mineola, New York 11501
(516) 739-5838
(516) 739-8225 fax

To

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                                of which the within is a true copy
will be presented for settlement to the HON.                 one of the judges of the
within named Court, at
on                          at             M.

Dated,

Yours, etc.

LAW OFFICES OF MICHAEL P. GIAMPILIS, P.C.

## VERIFICATION

STATE OF NEW YORK      }
COUNTY OF SUFFOLK      } ss.:

      THEODORE CALLIGEROS, being duly sworn deposes and says that: Your deponent is an officer of GOLDEN DOLPHIN RESTAURANT CORP., a domestic corporation and Plaintiff in the within action; that deponent has read the foregoing summons and complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes same to be true. This verification is made by me because the above party is a corporation and I am an officer thereof. The grounds of my knowledge are my personal knowledge and a review of relevant books and records of the corporation.

                                          THEODORE CALLIGEROS

Sworn to before me, this
~~27th~~ 18th day of ~~September~~ October, 2014

_____
Notary Public

MICHAEL P. GIAMPILIS
Notary Public, State Of New York
No. 02GI6086632
Qualified In Queens County
Commission Expires January 27, 2015

1

